OPINION
{¶ 1} Defendant-appellant Robert L. Dickey appeals from his conviction entered in the Carroll County Common Pleas Court after he pled guilty to failure to comply with the order of a police officer. The issue before us is whether the trial court sufficiently determined that appellant understood the nature of the charge at the plea hearing. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} On May 5, 2003, appellant was indicted for violating R.C.2921.331(B), which entails operating a motor vehicle so as to willfully elude or flee from a police officer after receiving a visible or audible signal from an officer to stop the vehicle. The charge was a third degree felony because of the specification that operation of the vehicle caused substantial risk of physical harm to person or property.
 {¶ 3} On June 19, 2003, appellant entered into a plea agreement, whereby the state agreed to amend the charge to a fourth degree felony. The court accepted appellant's plea that day and sentenced him to fifteen months in prison to be served consecutively to a probation violation sentence in another case. Appellant filed a delayed appeal, which this court permitted.
 ASSIGNMENT OF ERROR {¶ 4} Appellant cites a single assignment of error, namely:
 {¶ 5} "The trial court erred when it accepted robert Dickey's guilty plea, since it was not knowing, intelligent, and voluntary under the fifth
and fourteenth amendments to the united states constitution, section 16, Article I of the Ohio Constitution, and Crim.R. 11. (Tr. 6/19/03, pp. 3-13)."
 {¶ 6} As a corollary to that purported error, appellant sets forth the following issue:
 {¶ 7} "Does a trial court err in accepting a guilty plea as knowing, intelligent, and voluntary when it fails to ascertain if the criminal defendant understood the nature of the charges?"
 {¶ 8} Appellant states that the elements of the offense with which he was charged, and the offense to which he pled, are different. He notes that the fourth degree felony of failure to comply with a police officer entails a specification of fleeing immediately after a felony. He concludes that the trial court was required to establish a factual basis for the charge to which he pled. He relies on Civ.R. 11(C)(2)(a) and argues that the court failed to determine that he understood the nature of the charge.
 {¶ 9} Crim.R. 11(C)(2)(a) provides in pertinent part that a court shall not accept a plea to a felony without first addressing the defendant personally and determining that he is making the plea voluntarily with an understanding of the nature of the charges. Our review of the trial court's compliance with the non-constitutional requirements of Crim.R. 11(C)(2)(a) is governed by a substantial compliance test. See State v. Stewart (1977), 51 Ohio St.2d 86, 92. That is, the defendant must show prejudice in that he would not have pled guilty but for the lack of substantial compliance. Id. at 93.
 {¶ 10} Courts regularly hold that where the defendant does not indicate confusion, the trial court need not inform the defendant of the elements of the offense. State v. Carpenter, 8th Dist. No. 81571, 2003-Ohio-3019, at ¶ 2; State v. Kramer, 7th Dist. No. 01CA107, 2002-Ohio-4176, at ¶ 17-18; In re Flynn (1995), 101 Ohio App.3d 778,782; State v. Rainey (1982), 3 Ohio App.3d 441, 442. Rather, Crim.R. 11(C)(2)(a) only instructs the trial court to determine that the defendant understands the nature of the charges. Id.
 {¶ 11} The defendant's understanding need not be gained directly from the trial court. State v. Carter (1979), 60 Ohio St.2d 34, 38. The Supreme Court has advised that it is typically presumed that defense counsel reviewed the elements of the charged crime and the crime being pled to with his client. Id. Thus, in determining substantial compliance with Crim.R. 11(C)(2)(a), we look at the totality of the circumstances which the trial court could have considered in its determination that the defendant understood the nature of the offense. Id.
 {¶ 12} Here, appellant received a benefit from pleading to a fourth degree felony (failure to comply) rather than to a third degree felony (failure to comply). He entered into a negotiated plea with the advice of his counsel. The fact that the failure to comply offense has a different degree-enhancing specification does not put more burden on the trial court regarding the nature of the charges when the defendant seeks to lower the offense's degree by pleading to a specification other than the one with which he was charged. See, e.g., State v. Keaton (Jan. 14, 2000), 2d Dist. No. 98CA99.
 {¶ 13} We also note that unlike a no contest plea, acceptance of a guilty plea does not require an explanation of circumstances. Contrary to appellant's argument, the trial court need not establish a factual basis for a guilty plea. Kramer, 7th Dist. No. 01CA107, at ¶ 28-29 (noting that unlike the Federal Rules of Criminal Procedure, the Ohio Rules of Criminal Procedure do not require the court to explore the factual basis for the guilty plea unless the defendant enters an Alford plea); Statev. Del Sol (May 2, 1996), 7th Dist. No. 95CA91, citing State v. Ricks
(1976), 48 Ohio App.2d 128, 131.
 {¶ 14} Here, the state opened by noting that appellant was charged with failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B). The state then moved to amend the indictment to delete the allegation that appellant created a substantial risk to person or property. (Tr. 2). Appellant stated that he was entering the plea willingly, knowingly, intelligently, and voluntarily. He said he understood "what's on the table" and that the state was reducing the offense from failure to comply as a third degree felony to failure to comply as a fourth degree felony. (Tr. 3). Appellant respondedthat he fully understood the nature of the offense to which he waspleading and what the elements would have been if the case went to trial.
(Tr. 4). Appellant said he could read and write and that he read and understood the indictment and the written change of plea form. He stated that he discussed those documents as well as the law and facts with his attorney. (Tr. 6).
 {¶ 15} The trial court had sufficient facts and circumstances before it from which it could properly determine that appellant understood the nature of the charge as required by Crim.R. 11(C)(2)(a). We also note that prejudice is lacking as there is no claim that appellant did not know the elements or that he would not have pled guilty if he were so enlightened. This assignment of error is overruled.
 {¶ 16} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, P.J., concurs.
DeGenaro, J., concurs.