JOURNAL ENTRY AND OPINION
{¶ 1} Appellee, David Rodriguez, (aka Rodrigues, Rodriques), entered a guilty plea on April 17, 2000 to an amended indictment.[1] He was convicted on three counts: rape, in violation of R.C. 2907.02; kidnapping, in violation of R.C.2905.01, with a sexual motivation specification; and aggravated burglary, in violation of R.C. 2911.11. Appellee was sentenced to a total of twenty years to life in prison.
 {¶ 2} Appellee then appealed his conviction and sentence inState v. Rodrigues, Cuyahoga App. No. 80610, 2003-Ohio-1334. The conviction was affirmed, but the matter was remanded to the trial court for resentencing relative to the consecutive sentence imposed by the trial court. Upon remand, appellee received the same sentence, which he did not appeal.
 {¶ 3} On April 17, 2003, appellee filed a pro se motion to withdraw his guilty plea. The trial court appointed counsel and set the matter for a hearing, after which appellee's motion was granted. The state now appeals. After a review of the record and for the reasons set forth below, we reverse the decision of the trial court and reinstate the appellee's guilty plea, conviction and sentence.
 {¶ 4} The facts underlying appellee's conviction are as follows. On or about November 8, 1999, appellee, under the influence of drugs and alcohol, went to his landlord's apartment. Once there, he entered the bedroom of the landlord's sleeping seven-year-old daughter, silenced her with duct tape and carried her back to his apartment. Appellee placed her face down on a sofa and anally raped her. Appellee then threatened to kill the child if she told anyone what he had done. After she was released by appellee, a rape kit was completed on the child, and seminal fluid containing appellee's DNA was found in a rectal swab and in a stain on the child's skin. Further, a piece of duct tape with strands of the child's hair stuck to it was recovered from appellee's apartment.
 {¶ 5} Appellee filed a motion to withdraw his guilty plea alleging ineffective assistance of counsel at the trial level because his attorneys did not uncover or reveal to him during the course of the proceedings certain "exculpatory" evidence. At a hearing held on September 30, 2003 and continued on October 8, 2003, three attorneys who had represented appellee during the course of his case, James Draper and Rochelle Burnett with the Public Defender's Officer and attorney Myron Watson, testified as to their recollection of whether appellee's plea was knowingly, intelligently, and voluntarily made. Appellee testified that he was not given the opportunity, at the time of his plea, to review the medical and laboratory reports used to support his motion to withdraw. Appellee further testified that he believes there exists exculpatory information in those reports and that he would not have pleaded guilty had he been aware of such information at the time.
 {¶ 6} "I. A trial court errs and commits an abuse of discretion when it grants a defendant's post-sentence motion to withdraw guilty plea in the absence of manifest injustice."
 {¶ 7} Appellee's ineffective assistance of counsel claim was not raised on direct appeal, and is now barred by res judicata. Any issue which was raised or which could have been raised at trial or on direct appeal may not be relitigated at a later date.State v. Perry (1967), 10 Ohio St.2d 175; State v. Cole
(1982), 2 Ohio St.3d 112; State v. Miller (Jan. 28, 2002), Ross App. No. 01CA2614 (ineffective assistance of counsel claim filed in post-conviction relief motion barred by res judicata where petitioner could have raised the issue on direct appeal); Statev. Mitts (Sep. 28, 2000), Cuyahoga App. No. 76963. The three attorneys that testified in the motion hearing, and appellee himself, stated on the record that the records used to support his motion to withdraw guilty plea were contained in his case file and that the case file was available for his review at any time during the pendency of the proceedings. Appellee acknowledged that he never asked to see the medical and laboratory records he now asserts are exculpatory. Therefore, the claim of ineffective assistance of counsel should have been raised on direct appeal and is improperly considered now.
 {¶ 8} Nevertheless, it is clear that in considering and granting appellee's motion to withdraw his guilty plea, the trial court abused its discretion. Abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Lambros
(1988), 44 Ohio App.3d 102, citing State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 9} While presentence motions are to be treated with liberality, postsentence motions to withdraw a guilty plea may be granted only "to correct manifest injustice." Crim.R. 32.1. "If the facts, as alleged by the defendant, and taken as true, do not require the court to allow the defendant to withdraw his guilty plea, the court is not required to hold a hearing on defendant's motion. State v. Legree (1988), 61 Ohio App.3d 568, 573; Statev. Blatnik (1984), 17 Ohio App.3d 201. Only when the appellant can establish that he must be permitted to change his plea to avoid a manifest injustice will a court allow him to withdraw his plea. State v. Smith (1977), 49 Ohio St.2d 261." State v.Yearby (Jan. 24, 2002), Cuyahoga App. No. 79000 at 5.
 {¶ 10} A mistaken belief as to the consequences of a plea is insufficient to warrant the withdrawal of a plea after sentencing. State v. Novak (Sept. 10, 1998), Cuyahoga App. No. 72849, at 12-13, citing State v. Sabatino (1995),102 Ohio App.3d 483. This rule should discourage a criminal defendant from pleading guilty to test the weight of potential reprisal and later withdrawing the plea if the sentence was unexpectedly severe. State v. Caraballo (1985), 17 Ohio St.3d 66,477 N.E.2d 627; State v. Peterseim (1980), 68 Ohio App.2d 211, 213,428 N.E.2d 863, 865.
 {¶ 11} The trial court in the instant case granted appellee's postsentence motion to withdraw his guilty plea because he was represented by three attorneys during the course of his case and because he was sentenced to life in prison. Further, the trial court stated that the attorneys who represented appellee during his trial failed to apprise him of the evidence against him at the time he was considering his plea. In our review of the record, that does not appear to be the case. All three attorneys involved indicated that they had reviewed the case with the appellee and that he was made aware that there existed DNA evidence linking him to the crime. That evidence is documented extensively in the record. During his original sentencing hearing, the appellee indicated that he was pleased with the representation afforded him by the assigned counsel and that he understood the charges against him. As discussed above, the appellee failed to raise ineffective assistance of counsel as an assignment of error on direct appeal, and his conviction was affirmed on appeal.
 {¶ 12} Appellee now argues that the lack of an independent DNA examination and several facts found in the laboratory reports were not revealed to him while he was considering a plea. However, these reports are not new evidence, they do not exculpate the appellee, and the fact that appellee failed to request to see the reports themselves while considering a plea bargain does not create a manifest injustice in this case. The laboratory reports clearly indicate a DNA link between appellee and the seminal fluid taken from the body of the victim; a rectal swab demonstrated the presence of appellee's semen. Appellee's assertion that these reports could now in some way be interpreted to exonerate him because they indicate that spermatozoa was not present on the victim's vaginal or anal smear specimens is not well taken because appellee ignores the fact that semen can be present without spermatozoa. The presence of semen alone is sufficient to establish a DNA link. Further, there is no indication that an independent DNA evaluation would have elicited different results. Appellee admits that the child was in his apartment when he awoke the morning after the attack and that he does not remember the events of the previous night because he was under the influence of drugs and alcohol.
 {¶ 13} Appellee was not only represented by competent counsel throughout his plea and direct appeal, but counsel testified at his motion hearing that he was free to review any documents in his file at any time. Further, appellee waited two years after his conviction to request to see these records himself.
 {¶ 14} Finally, the trial court has failed to identify the manifest injustice which would require vacating appellee's guilty plea. We find the trial court's analysis of the evidence presented during the motion hearing inaccurate, unreasonable, and an abuse of its discretion. Therefore, appellee's plea is hereby reinstated.
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been reinstated, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan A.J., and Karpinski, J., Concur.
[1] Appellee's original indictment read as follows: Count I, Rape with a Sexually Violent Predator Specification (R.C.2907.02); Count II, Kidnapping with a Sexual Motivation Specification (R.C. 2905.01); Count III, Gross Sexual Imposition (R.C. 2907.05); Count IV, Aggravated Burglary (R.C. 2911.11); Possession of Criminal Tools (R.C. 2923.24).