JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Victor Wangul ("Wangul"), appeals from the judgment of the Cuyahoga County Court of Common Pleas that denied his postsentence motion to withdraw a guilty plea. For the reasons stated below, we affirm.
 {¶ 2} In 1995, Wangul was indicted on a charge of theft in violation of R.C. 2913.02. The indictment alleged that Wangul, an attorney, stole property or services of $100,000 or more from the Estate of Steve Pitorak. On October 24, 2000, Wangul entered a plea of guilty to the offense.
 {¶ 3} On November 21, 2000, the trial court sentenced Wangul to four to fifteen years of incarceration and ordered him to pay full restitution. Over nine months later, on September 4, 2001, Wangul filed a motion to withdraw his guilty plea. The state filed a motion to dismiss the motion to withdraw guilty plea that was granted by the trial court.
 {¶ 4} On appeal in State v. Wangul, Cuyahoga App. No. 80539, 2002-Ohio-4277, this court affirmed the decision, finding that because the time for filing a direct appeal had expired, the motion was to be treated as one for postconviction relief and that the motion was untimely pursuant to R.C. 2953.21. The Supreme Court of Ohio reversed and remanded the case to the court of common pleas in State v. Wangul (2003),98 Ohio St.3d 329, on the authority of State v. Bush, 96 Ohio St.3d 235,2002-Ohio-3993. In Bush, the court held "R.C. 2953.21 and 2953.23 do not govern a Crim.R. 32.1 postsentence motion to withdraw a guilty plea." Id. at syllabus.
 {¶ 5} Upon remand, the trial court conducted a hearing on Wangul's motion. By this time, Wangul had served the prison term and was on parole. Following the hearing, the trial court denied Wangul's motion to withdraw his guilty plea. Wangul has appealed the trial court's decision, raising two assignments of error for our review. Wangul's first assignment of error provides:
 {¶ 6} "I: The trial court denied Mr. Wangul the right to trial and the right to due process of law as guaranteed by the Sixth andFourteenth Amendments to the United States Constitution and Article I of the Ohio Constitution, when it denied his motion to withdraw his guilty plea."
 {¶ 7} Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Thus, with a postsentence motion to withdraw a guilty plea, only when the appellant can establish that he must be permitted to change his plea to avoid a manifest injustice will a court allow him to withdraw his plea.State v. Smith (1977), 49 Ohio St.2d 261; Crim.R. 32.1. The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal and later withdrawing the plea if the sentence is unexpectedly severe. State v. Caraballo (1985),17 Ohio St.3d 66, citing State v. Peterseim (1980), 68 Ohio App.2d 211.
 {¶ 8} "Manifest injustice" is an extremely high standard, which permits the withdrawal of a guilty plea only in extraordinary cases.Smith, 49 Ohio St.2d at 264. The decision to grant or deny a postsentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Id. at paragraph two of the syllabus. We review the court's action on a postsentence motion to withdraw a guilty plea for an abuse of discretion. State v. Xie (1992), 62 Ohio St.3d 521, 526.
 {¶ 9} Under his first assignment of error, Wangul claims a manifest injustice exists because (1) the trial court failed to ensure that he was aware of the nature of the charge, (2) the trial court failed to advise him that he could testify on his own behalf and that his failure to testify could not be considered against him by the jury, and (3) he made clear at the time of the plea that he was not satisfied with his trial attorney and believed that trial was no longer a viable option.
 {¶ 10} In determining whether a defendant is making a plea with an understanding of the nature of the charge, a trial court is not necessarily required to advise the defendant of the elements of the crime, or to specifically ask the defendant if he understands the charge, provided the totality of the circumstances supports the trial court's determination that the defendant understands the charge. Statev. Kavlich (June 15, 2000), Cuyahoga App. No. 77217; State v. Rainey
(1982), 3 Ohio App.3d 441. Where a defendant indicates that he understands the nature of the charge, in the absence of evidence to the contrary or anything in the record that indicates confusion, it is typically presumed that the defendant actually understood the nature of the charge against him. See State v. Dickey, Carroll App. No. 03 CA 794,2004-Ohio-3198; State v. Carpenter, Cuyahoga App. No. 81571, 2003-Ohio-3019.
 {¶ 11} A review of the plea-hearing transcript in this case supports a determination that Wangul understood the nature of the charges against him. The transcript reflects that the trial court informed Wangul that the charge against him was for theft in violation of R.C. 2913.02, the value of services being $100,000 or more, which was a felony of the second degree punishable by a possible term of incarceration of two to fifteen years. Wangul indicated he understood the nature of the charge and the possible sentence. He also indicated that nobody had made any promises, threats, or inducements to cause him to enter the plea. Wangul was informed that the term would be an indefinite sentence and he indicated he understood how that worked. When the court asked Wangul if there was anything he did not understand, he stated no. Upon entering his plea, he stated his plea was voluntary and of his own free will and desire. Wangul also apologized for the wrongs he had done and indicated he had not yet made any restitution of the funds that were misappropriated. Under the totality of circumstances, we find the record supports a determination that the defendant understood the nature of the charge and that he made his plea voluntarily.
 {¶ 12} We next consider Wangul's argument that the trial court failed to advise him of certain fundamental rights. Specifically, Wangul argues that the trial court did not advise him that he could testify on his own behalf and that his failure to testify could not be used against him. We find no authority requiring these advisements to be made for a plea to be voluntary.
 {¶ 13} In State v. Nero (1990), 56 Ohio St.3d 106, 107, the Supreme Court of Ohio discussed the requirements for a voluntary plea:
"Ohio Crim.R. 11(C) was adopted in order to facilitate a more accuratedetermination of the voluntariness of a defendant's plea by ensuring anadequate record for review. State v. Stone (1975), 43 Ohio St.2d 163,167-168, 72 O.O.2d 91, 94, 331 N.E.2d 411, 414; State v. Stewart(1977), 51 Ohio St.2d 86, 92-93, 5 O.O.3d 52, 56, 364 N.E.2d 1163,1167; State v. Scott (1974), 40 Ohio App.2d 139, 144, 69 O.O.2d 152,155, 318 N.E.2d 416, 420. Crim.R. 11(C)(2) requires the trial judge topersonally inform the defendant of the constitutional guarantees he waivesby entering a guilty plea. The United States Supreme Court held in Boykinv. Alabama (1969), 395 U.S. 238, 242-243, that in order for a reviewingcourt to determine whether a guilty plea was voluntary, theUnited States Constitution requires the record to show that the defendant voluntarilyand knowingly waived his constitutional rights. The court specified theserights as (1) the Fifth Amendment privilege against compulsoryself-incrimination, (2) the right to trial by jury, and (3) the right toconfront one's accusers. Id. at 243. "In addition to the constitutionalduty to inform, Crim.R. 11(C) requires the trial judge to tell thedefendant certain other matters before accepting a guilty plea. State v.Johnson (1988), 40 Ohio St.3d 130, 132-133, 532 N.E.2d 1295, 1297-1298,certiorari denied (1989), 489 U.S. 1098, 103 L.Ed.2d 940, 109 S.Ct. 1574.Specifically, Crim.R. 11(C)(2) requires:
 `(2) In felony cases the court may refuse to accept a plea of guilty ora plea of no contest, and shall not accept such plea without firstaddressing the defendant personally and:
 `(a) Determining that he is making the plea voluntarily, withunderstanding of the nature of the charge and of the maximum penaltyinvolved, and, if applicable, that he is not eligible for probation.
 `(b) Informing him of and determining that he understands the effect ofhis plea of guilty or no contest, and that the court upon acceptance ofthe plea may proceed with judgment and sentence.
 `(c) Informing him and determining that he understands that by his pleahe is waiving his rights to jury trial, to confront witnesses againsthim, to have compulsory process for obtaining witnesses in his favor, andto require the state to prove his guilt beyond a reasonable doubt at atrial at which he cannot be compelled to testify against himself.'"
 {¶ 14} In State v. Griggs, 103 Ohio St.3d 85, 2004-Ohio-4415, the Supreme Court of Ohio distinguished between advising a defendant of constitutional rights and nonconstitutional rights under Crim.R. 11, stating:
"The information that a guilty plea is a complete admission of guilt,along with the other information required by Crim.R. 11, ensures thatdefendants enter pleas with knowledge of rights that they would foregoand creates a record by which appellate courts can determine whetherpleas are entered voluntarily. See State v. Nero (1990), 56 Ohio St.3d 106,107, 564 N.E.2d 474; see, also, State v. Ballard (1981), 66 Ohio St.2d 473,479-480, 20 O.O.3d 397, 423 N.E.2d 115.
 "The right to be informed that a guilty plea is a complete admission ofguilt is nonconstitutional and therefore is subject to review under astandard of substantial compliance. State v. Nero, 56 Ohio St.3d at 107,564 N.E.2d 474. Though failure to adequately inform a defendant of hisconstitutional rights would invalidate a guilty plea under a presumptionthat it was entered involuntarily and unknowingly, failure to comply withnonconstitutional rights will not invalidate a plea unless the defendantthereby suffered prejudice. Id. at 108, 564 N.E.2d 474. The test forprejudice is `whether the plea would have otherwise been made.' Id. Underthe substantial-compliance standard, we review the totality ofcircumstances surrounding Griggs's plea and determine whether hesubjectively understood that a guilty plea is a complete admission ofguilt. Id."
 {¶ 15} In this case, the trial court personally addressed Wangul and advised him of all of the rights set forth under Crim.R. 11 before accepting his guilty plea. The court advised Wangul of his right to a jury trial, his right to have the case tried to a judge without a jury, his right to be represented by counsel, his right to have his attorney cross-examine witnesses against him, his right to have his attorney subpoena or bring forth witnesses on Wangul's behalf, and his right to require the state to prove his guilt beyond a reasonable doubt at a trial at which he could not be forced to testify against himself. The trial court also advised Wangul that a plea of guilty is a complete admission of guilt and that by entering such a plea, Wangul would waive all of these rights. Wangul responded that he understood all of the above.
 {¶ 16} In this case, the court complied with the requirements of Crim.R. 11 and advised Wangul of all of the rights thereunder. Upon our review, we find Wangul's plea was voluntarily entered, no manifest injustice has occurred, and the trial court did not abuse its discretion in denying Wangul's motion to withdraw his guilty plea.
 {¶ 17} Finally, under this assignment of error, Wangul claims he expressed dissatisfaction with his trial attorney at the time of his plea and his belief that trial was no longer a viable option. There is no evidence of this in the plea-hearing transcript. Further, at the hearing on the motion to withdraw the guilty plea, Wangul's trial attorney testified that he had explained the charge and possible penalties to Wangul, that Wangul had provided no viable defense to the theft charge, and that Wangul had expressed no dissatisfaction at the time of the plea.
 {¶ 18} We also note that Wangul waited over nine months after entering his guilty plea to file his motion to withdraw. Although there is no prescribed time limit after the imposition of sentence during which a motion to withdraw a plea of guilty must be made, it has been held that an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion. Smith, 49 Ohio St.2d at paragraph three of the syllabus.
 {¶ 19} Upon the record before us, we cannot say Wangul established that a manifest injustice had occurred or that the trial court abused its discretion in denying Wangul's motion to withdraw his plea. Wangul's first assignment of error is overruled.
 {¶ 20} Wangul's second assignment of error provides:
 {¶ 21} "II. Mr. Wangul was denied his right to effective assistance of counsel guaranteed by Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution."
 {¶ 22} Wangul's ineffective assistance of counsel claim was not raised on a direct appeal and is now barred by res judicata. See State v.Brown, Cuyahoga App. No. 84322, 2004-Ohio-6421; State v. Rodriguez,
Cuyahoga App. No. 84161, 2004-Ohio-6010. As we stated in Rodriguez,
"[a]ny issue which was raised or which could have been raised at trial or on direct appeal may not be relitigated at a later date." Id., citingState v. Perry (1967), 10 Ohio St.2d 175; State v. Cole (1982),2 Ohio St.3d 112.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and McMonagle, J., concur.