[Cite as *State v. Draugh*, 2016-Ohio-1240.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 15AP-632 |
| | | (C.P.C. No. 13CR-6236) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Quanique D. Draughn, | : | |
| Defendant-Appellant. | : | |

# D E C I S I O N

Rendered on March 24, 2016

**On Brief:** *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee. **Argued:** *Sheryl L. Prichard*.

**On brief:** *Giorgianni Law LLC*, and *Paul Giorgianni*, for appellant. **Argued:** *Paul Giorgianni*.

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} Quanique D. Draughn, defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas in which the court found him guilty of robbery, a violation of R.C. 2911.02, a second-degree felony, and kidnapping, a violation of R.C. 2905.01, a first-degree felony.

{¶ 2} On November 22, 2013, appellant was indicted on five total counts with respect to two separate incidents involving two different victims, Robin Johnson and Trequan Tidwell. The five counts in the indictment were as follows (hereafter, "F" refers to a felony, and the number following the hyphen refers to the degree of the offense):

Robin Johnson Incident in October 2013
Count 1 – F-2 robbery
Count 2 – F-3 robbery

Trequan Tidwell Incident in November 2013
Count 3 –  F-1 kidnapping
Count 4 – F-2 robbery
Count 5 – F-3 robbery

{¶ 3}   On June 5, 2014, appellant executed an entry of guilty plea form. The guilty plea form indicated that appellant was pleading guilty to "Count 2: Robbery (F2)" and "Count 3: Kidnapping (F1)." However, the F-2 counts of robbery are Counts 1 and 4. The parties and trial court continued to refer to Count 2 as an F-2 robbery throughout the plea hearing.

{¶ 4}   On June 27, 2014, the trial court held a sentencing hearing. At the hearing, the prosecutor indicated that a clerical error had been made on the guilty plea form, in that appellant was actually pleading guilty to Count 1, an F-2 robbery, and Count 2 was being dismissed.  Defense counsel indicated he had no objection to the change. After orally sentencing appellant, appellant told the trial court that he thought it was understood that he had nothing to do with the October 2013 robbery which was the basis for Count 1. The trial court responded that he had pled guilty to the October 2013 offense. Appellant responded that he had pled guilty to the November 2013 offense. The trial court corrected appellant that he had pled guilty to the November 2013 kidnapping. After the prosecutor and defense counsel indicated that they had no further questions, the court concluded the hearing.

{¶ 5}   On June 30, 2014, the trial court entered a judgment finding appellant guilty and sentencing him to an aggregate sentence of 13 years of imprisonment. Appellant appeals the judgment, asserting the following two assignments of error:

> [I.]  The trial court's judgment of conviction and sentence is based upon an ostensible guilty plea to which there was no mutual assent.

> [II.] The trial court's judgment of conviction and sentence resulted from ineffective assistance of counsel.

{¶ 6}   Appellant argues in his first assignment of error that the trial court's judgment was based upon a guilty plea to which there was no mutual assent. " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea

unconstitutional under both the United States Constitution and the Ohio Constitution.' " *State v. Triplett*, 10th Dist. No. 11AP-30, 2011-Ohio-4480, ¶ 9, quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). Crim.R. 11(C) addresses guilty pleas in felony cases and requires a trial judge to determine whether the criminal defendant is fully informed of his or her rights and understands the consequences of his or her pleas.

{¶ 7} Although the trial court must strictly comply with Crim.R. 11 regarding federal constitutional rights, the trial court need only substantially comply with the non-constitutional provisions of the rule. *State v. Enyart*, 10th Dist. No. 08AP-184, 2008-Ohio-6418, ¶ 15, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 14-17. The non-constitutional rights about which a defendant must be informed are the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that, after entering a guilty plea, the court may proceed to judgment and sentence. Crim.R. 11(C)(2)(a) and (b). " 'Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implication of his plea and the rights he is waiving.' " *Id.* at ¶ 16, quoting *Veney* at ¶ 15. " 'In determining whether a defendant understood the charge a court should examine the totality of the circumstances.' " *Enyart* at ¶ 17, quoting *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, ¶ 56. "For a trial court to determine whether a defendant is making a plea with understanding of the nature of the charge, 'it is not always necessary that the trial court advise the defendant of the elements of the crime, or to specifically ask the defendant if he understands the charge, so long as the totality of the circumstances are such that the trial court is warranted in making a determination that the defendant understands the charge.' " *Id.*, quoting *State v. Rainey*, 3 Ohio App.3d 441, 442 (10th Dist.1982). Indeed, "[w]here a defendant indicates that he understands the nature of the charge, in the absence of evidence to the contrary or anything in the record that indicates confusion, it is typically presumed that the defendant actually understood the nature of the charge against him." *State v. Wangul*, 8th Dist. No. 84698, 2005-Ohio-1175, ¶ 10, citing *State v. Dickey*, 7th Dist. No. 03 CA 794, 2004-Ohio-3198, ¶ 11.

{¶ 8} In the present case, appellant asserts that when he signed the plea form and appeared at the plea hearing, he believed he was pleading guilty to two counts, both involving Tidwell, while the trial court; State of Ohio, plaintiff-appellee; and appellant's

counsel believed he was pleading guilty to kidnapping Tidwell and robbing Johnson. He contends that, at the plea hearing, the parties and court consistently and repeatedly referred to appellant pleading guilty to Count 2, which was an F-2, and the plea form also indicated that he was pleading guilty to Count 2, an F-2, even though Count 2 was an F-3. He also argues that, at the sentencing hearing, it was apparent that he believed he was pleading guilty to robbing Tidwell (either Count 4, an F-2, or Count 5, an F-3). Appellant contends that because he believed he was pleading guilty to crimes involving only one victim in one incident (the November 2013 incident involving Tidwell), he expected his sentence to be less severe.

{¶ 9} Appellant is correct that, at the plea hearing, the parties and the court consistently indicated that he was pleading guilty to Count 2 and referred to it as an F-2, and the plea form also indicated that he was pleading guilty to Count 2, an F-2. Appellant's portrayal of the sentencing hearing is also accurate. At the beginning of the sentencing hearing, the prosecutor indicated that a clerical error had been made on the guilty plea form, in that appellant was actually pleading guilty to Count 1, an F-2 robbery, and Count 2 was being dismissed. Appellant's counsel indicated he had no objection to the change. When the trial court asked appellant at the sentencing hearing if he had anything to say on his own behalf, appellant stated, "I would just like to apologize to *the victim* for the pain and suffering I put *him* through, my mom, my family, my son." (Emphasis added.) (June 27, 2014 Tr. 9.) After the trial court orally announced the findings and sentence, appellant and the trial court engaged in the following conversation:

> THE COURT: Do you have any questions, sir, about anything that I've said.
>
> THE DEFENDANT: I thought it was understood that I didn't have nothing to do with that October robbery.
>
> THE COURT: No, that wasn't understood. You pled guilty to the October 3rd, 2013, offense.
>
> THE DEFENDANT: I pleaded guilty to the November.
>
> THE COURT: As well as as the November kidnapping.
>
> All right. Anything else on behalf of the State?

[PROSECUTOR]: No, Judge. Thank you.

THE COURT: On behalf of the Defendant?

[DEFENSE COUNSEL]: No, Your Honor.

(June 27, 2014 Tr. 13-14.)

{¶ 10} Based upon the totality of the circumstances, we find the record demonstrates that appellant failed to enter his guilty plea knowingly, intelligently, and voluntarily. Although the state is correct that the record of the plea hearing does not conclusively show that appellant believed he was pleading guilty to only counts related to Tidwell, and that the plea and sentencing hearing transcripts do not show that appellant believed he would receive a lesser sentence because he thought he was pleading guilty to counts related only to Tidwell, we believe the transcripts of the plea and sentencing hearings collectively demonstrate sufficient confusion related to the charges to which he was pleading guilty and appellant's understanding of those charges to warrant another plea hearing. The erroneous references at the plea hearing and on the plea form indicating that Count 2 was an F-2 robbery could have caused appellant to believe he was pleading guilty to the Count 4 F-2 robbery involving Tidwell. Furthermore, appellant explicitly indicated at the sentencing hearing that he believed he had pled guilty to only the counts that involved the November 2013 Tidwell incident. This belief was consistent with appellant's prior use of the singular terms "victim" and "him" at the sentencing hearing. There was no indication in the transcript that appellant's confusion was ever resolved. Given the error made at the plea hearing and in the plea form, and given appellant's statements at the sentencing hearing, we cannot presume appellant actually understood the nature of the charges against him and the charges to which he pled guilty. Therefore, instead of making presumptions as to what appellant knew and when, we believe the more prudent course is to return the matter to the trial court to retake appellant's plea to ensure appellant's rights under Crim.R. 11 have been adequately protected. For these reasons, we sustain appellant's first assignment of error. Given this determination, appellant's second assignment of error is moot.

{¶ 11} Accordingly, appellant's first assignment of error is sustained and his second assignment of error is moot. The judgment of the Franklin County Court of

Common Pleas is reversed and the matter is remanded to that court to conduct a plea hearing that is in accord with Crim.R. 11 and constitutional mandates.

*Judgment reversed;*
*cause remanded with instructions.*

SADLER and HORTON, JJ., concur.

_____