[Cite as *State v. Taylor*, 2020-Ohio-4581.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 19AP-795 |
| v. | : | (C.P.C. No. 18CR-3268) |
| Marcus L. Taylor, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 24, 2020

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

**On brief:** *Marcus L. Taylor*, pro se.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Marcus L. Taylor, pro se, appeals from a judgment of the Franklin County Court of Common Pleas denying his motions to withdraw his guilty pleas. Finding no merit to the appeal, we affirm.

{¶ 2} On July 9, 2018, a Franklin County Grand Jury indicted appellant on one count of aggravated arson, in violation of R.C. 2909.02, a felony of the first degree (Count 1), one count of aggravated arson, in violation of R.C. 2909.02, a felony of the second degree (Count 2), and one count of burglary, in violation of R.C. 2911.12, a felony of the third degree (Count 3).

{¶ 3} On August 30, 2018, appellant, represented by counsel, entered guilty pleas to: (1) a stipulated lesser-included offense of Count 1 of the indictment, inducing panic, in

violation of R.C. 2917.31, a felony of the second degree, and (2) a stipulated lesser-included offense of Count 2 of the indictment, arson, in violation of R.C. 2909.03, a felony of the fourth degree. Pursuant to those pleas, the trial court found appellant guilty. Upon the state's motion, the trial court entered a nolle prosequi on Count 3. The state and appellant's counsel jointly recommended an aggregate prison sentence of 7 years. The trial court accepted the joint recommendation and sentenced appellant to prison terms of 7 years for inducing panic and 12 months for arson. The trial court ordered appellant to serve the prison terms for the two convictions concurrent to each other, for an aggregate prison term of 7 years. The court memorialized appellant's conviction and sentence in a judgment entry filed on August 31, 2018.[1]

{¶ 4} On January 8, 2019, appellant filed a pro se motion to withdraw his guilty pleas pursuant to Crim.R. 32.1, claiming that the pleas were invalid because the statements he made to investigators were not voluntary. Appellant also argued that his trial counsel was ineffective in failing to file a motion to suppress the involuntary statements and in wrongly advising him regarding the sentence to be imposed pursuant to the plea agreement. The trial court denied the motion by entry issued January 16, 2019. Appellant did not appeal that judgment.

{¶ 5} On April 29, 2019, appellant filed a second Crim.R. 32.1 motion to withdraw his guilty pleas. In that filing, appellant claimed that his guilty plea to inducing panic should not have been accepted by the trial court because there was no factual basis for the plea. On May 6, 2019, appellant filed a third Crim.R. 32.1 motion to withdraw his guilty pleas, raising the same argument as that advanced in the April 29, 2019 motion. On September 11, 2019, appellant filed a motion to amend the May 6, 2019 motion in order to add additional arguments that (1) inducing panic is not a lesser-included offense of aggravated arson, (2) he was never indicted on a charge of inducing panic, and (3) he was not aware that "[h]is conduct did not fall within the charge of inducing panic of the second degree." (Sept. 11, 2019 Mot. to Am. 32.1 Mot. to Withdraw Guilty Plea at 4.)

---

[1] On April 8, 2019, appellant filed a pro se motion for leave to file a delayed appeal of the trial court's August 31, 2018 entry of conviction and sentence. This court denied that motion based upon appellant's failure to provide a reasonable explanation for his failure to perfect a timely appeal. *State v. Taylor,* 19AP-200 (Feb. 14, 2020) (memorandum decision). On March 26, 2020, appellant filed a notice of appeal from that judgment in the Supreme Court of Ohio. On May 26, 2020, the Supreme Court declined discretionary review.

{¶ 6} On October 31, 2019, the trial court issued a judgment entry denying appellant's May 6 and September 11, 2019 motions. The trial court found that appellant failed to demonstrate that his guilty pleas resulted in manifest injustice. The court further found that res judicata barred appellant from raising the arguments asserted in the motions.

{¶ 7} In a timely appeal, appellant assigns the following as trial court error:

> [I.] Trial court abused it's [sic] discretion by finding no manifest injustice occured [sic] during plea hearing.
>
> [II.] The trial court violated appellant's Fifth Amendment right to grand jury when it amended the indictment under Crim.R. 7(D) without giving notice to the appellant, nor did the trial court grant prosecution permission to amend, nor did the prosecution request to amend the charge changing Count 1 and Count 2.
>
> [III.] Trial court abused it's [sic] discretion when it accepted the appellant's negotiated plea of inducing panic (2917.31(A)(1)(C)(5)) as a lesser offense of aggravated arson (2909.02) when inducing panic of the second degree is not, as a matter of law, a lesser offense of aggravated arson, thus causing a miscarriage of justice to occur and making plea agreement void.

{¶ 8} Appellant's assignments of error are interrelated and will be considered together. Appellant asserts that the trial court abused its discretion in denying his May 6 and September 11, 2019 motions to withdraw his guilty pleas. Appellant argues that the trial court's acceptance of his guilty plea to inducing panic resulted in manifest injustice because (1) inducing panic "does not have the same elements as the facts in the case," (2) inducing panic is not a lesser-included offense of aggravated arson, and (3) he was never indicted for inducing panic.[2] (Appellant's Brief at 8.)

{¶ 9} "Motions to withdraw guilty pleas are governed by Crim.R. 32.1, which provides that the motion 'may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and

---

[2] Although the caption of appellant's second assignment of error states that the trial court violated his constitutional right to indictment on both offenses to which he pleaded guilty, i.e., inducing panic (Count 1) and arson (Count 2), the body of his argument challenges the alleged violation of his right to indictment only as to inducing panic (Count 1.)

permit the defendant to withdraw his or her plea.' " *State v. Spivakov*, 10th Dist. No. 13AP-32, 2013-Ohio-3343, ¶ 9, quoting Crim.R. 32.1.  Here, appellant's motions to withdraw his guilty pleas were filed after sentence; as such, at issue here is whether granting the motions is necessary to correct a manifest injustice.  *Id.*

{¶ 10} "Manifest injustice relates to some fundamental flaw in the proceedings which results in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Mobley*, 10th Dist. No. 18AP-23, 2018-Ohio-3880, ¶ 13, citing *Spivakov* at ¶ 10, citing *State v. Williams*, 10th Dist. No 03AP-1214, 2004-Ohio-6123, ¶ 5.  Under the manifest injustice standard, a post-sentence motion to withdraw a guilty plea is permitted only in extraordinary circumstances.  *Id.*

{¶ 11} A Crim.R. 32.1 motion is addressed to the sound discretion of the trial court, and the good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by that court.  *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus.  Consequently, a reviewing court will not reverse a trial court's denial of a motion to withdraw a guilty plea absent an abuse of discretion.  *State v. Muhumed*, 10th Dist. No. 11AP-1001, 2012-Ohio-6155, ¶ 8, citing *State v. Totten*, 10th Dist. No. 05AP-278, 2005-Ohio-6210, ¶ 5.  "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983), quoting *State v. Adams,* 62 Ohio St.2d 151, 157 (1980).  "Where, however, the issue is the applicability of res judicata, which is a question of law, an appellate court conducts a de novo review." *Mobley* at ¶ 9, citing *Muhumed* at ¶ 11.

{¶ 12} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on appeal from that judgment." (Emphasis omitted.) *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.  This court has consistently applied res judicata to bar a defendant from raising issues in a post-sentence Crim.R. 32.1 motion that were or could have been raised on direct appeal.  *Mobley*

at ¶ 14, citing *State v. Ikharo*, 10th Dist. No. 10AP-967, 2011-Ohio-2746, ¶ 11. (Further citations omitted.)

{¶ 13} The arguments appellant raised in support of his motions to withdraw his guilty pleas are based upon matters contained in the record of the trial court proceedings and could have been raised in a direct appeal from the judgment of conviction and sentence. Accordingly, res judicata barred appellant from raising these arguments in his subsequent Crim.R. 32.1 motions to withdraw his guilty pleas.

{¶ 14} Moreover, even if res judicata did not bar appellant from raising these arguments in support of his Crim.R. 32.1 motions to withdraw his guilty pleas, "[a] defendant seeking to withdraw a guilty plea post-sentence bears the burden of establishing manifest injustice based on specific facts either contained in the record or supplied through affidavits attached to the motion." *State v. Barbour*, 10th Dist. No. 09AP-435, 2009-Ohio-6324, ¶ 8, citing *State v. Orris*, 10th Dist. No. 07AP-390, 2007-Ohio-6499, ¶ 8.

{¶ 15} We construe appellant's assertion that his guilty plea to inducing panic is invalid because that offense "does not have the same elements as the facts in the case," as a claim that he entered the plea without an understanding of the nature of the charge of inducing panic. Thus, appellant's claim requires a review of the trial court's acceptance of appellant's guilty plea.

{¶ 16} " ' "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." ' " *State v. Draughn*, 10th Dist. No. 15AP-632, 2016-Ohio-1240, ¶ 6, quoting *State v. Triplett*, 10th Dist. No. 11AP-30, 2011-Ohio-4480, ¶ 9, quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). Crim.R. 11(C) address guilty pleas in felony cases and requires a trial court to determine whether the defendant is fully informed of his rights and understands the consequences of his pleas. *Id.*

{¶ 17} While the trial court must strictly comply with Crim.R. 11 as to federal constitutional rights, the trial court need only substantially comply with the non-constitutional provisions of the rule. *Id.* at ¶ 7, citing *State v. Enyart*, 10th Dist. No. 08AP-184, ¶ 15, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 14-17. The non-constitutional rights about which a defendant must be advised are the nature of the charges

with an understanding of the law in relation to the facts, the maximum penalty, and that, after entering a guilty plea, the court may proceed to judgment and sentence.  *Id.*, citing Crim.R. 11(C)(2)(a) and (b).  " ' "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implication of his plea and the rights he is waiving." ' "  *Id.*, quoting *Enyart* at ¶ 16, quoting *Veney* at ¶ 15.

{¶ 18}  " ' "In determining whether a defendant understood the charge a court should examine the totality of the circumstances." ' "  *Id.*, quoting *Enyart* at ¶ 17, quoting *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, ¶ 56.  " 'For a trial court to determine whether a defendant is making a plea with understanding of the nature of the charge, "it is not always necessary that the trial court advise the defendant of the elements of the crime, or to specifically ask the defendant if he understands the charge, so long as the totality of the circumstances are such that the trial court is warranted in making a determination that the defendant understands the charge." ' "  *Id.*, quoting *Enyart* at ¶ 17, quoting *State v. Rainey*, 3 Ohio App.3d 441, 442 (10th Dist.1982).  " 'Where a defendant indicates that he understands the nature of the charge, in the absence of evidence to the contrary or anything in the record that indicates confusion, it is typically presumed that the defendant actually understood the nature of the charge against him.' "  *Id.*, quoting *State v. Wangul*, 8th Dist. No. 84698, 2005-Ohio-1175, ¶ 10, citing *State v. Dickey*, 7th Dist. No. 03 CA 794, 2004-Ohio-3198, ¶ 11.

{¶ 19}  In this case, the plea form documents the agreement between appellant and the state regarding resolution of the case.  Appellant was represented by counsel during the plea proceedings, and both appellant and his counsel signed the written agreement.  The plea form specifically states that appellant was pleading guilty to "the stipulated lesser included offense of count one Inducing Panic a felony of the 2nd degree pursuant to 2917.31." (Aug. 30, 2018 Entry of Guilty Plea at 1.)  Appellant acknowledges as much in his appellate brief:  "The plea agreement specifically stated that the appellant was agreeing to a stipulated lesser included offense of count one; inducing panic, a felony of the second degree (2917.31)."  (Appellant's Brief at 7.)

{¶ 20}  In addition, at the plea hearing, appellant acknowledged that he participated in the plea negotiations that resulted in the plea agreement. Indeed, appellant asserted that "*we* were able to work out a deal with the prosecutor."  (Emphasis added.)  (Aug. 30, 2018

Tr. at 2.) He also stated that he understood the plea agreement, which specifically identified the charge of inducing panic. Appellant asserted that defense counsel explained the information contained in the plea form and that he understood that information. Appellant further indicated that he understood the nature of the charge of inducing panic to which he was pleading guilty. Appellant acknowledges his understanding in his appellate brief: "[A]ppellant said on record that he understood the nature of the plea or charge and that counsel went over [the] plea agreement with him." (Appellant's Brief at 10.) Despite this admission, appellant now argues that "counsel should have explained the elements on [the] record to make sure the appellant knew that he was agreeing to inducing panic to a school." *Id.* However, review of the record reveals nothing to demonstrate that appellant was confused about the nature of the charge to which he entered his plea. Indeed, appellant did not request that the trial court, the prosecutor, or his own counsel explain the elements of the charge of inducing panic. Given these circumstances, we must presume that appellant actually understood the nature of the charge against him. *Draughn*, 2016-Ohio-1240, at ¶ 7.

{¶ 21} Appellant also contends that his guilty plea to inducing panic is invalid because that offense is not a lesser-included offense of aggravated arson and he was never indicted on that charge. At the plea hearing, appellant stated that he was entering a guilty plea to the offenses stated in the entry of guilty plea form, i.e., inducing panic as a stipulated lesser-included offense of first-degree aggravated arson, and arson as a stipulated lesser-included offense of second-degree aggravated arson. He further averred that he understood that by pleading guilty to such offenses, he was admitting that he committed them. In addition, the following colloquy occurred:

> The Court: All right. Mr. Taylor, in this case, you're pleading guilty to one count of inducing panic and another count of arson. Are you guilty of having committed these offenses?
>
> The Defendant: Could you repeat that question?
>
> The Court: Yes. I'm just - - you understand that you're pleading guilty here today to inducing panic and to arson?
>
> The Defendant: Yes.

The Court: All right.  You're changing your plea here today knowingly and voluntarily, correct?

The Defendant:  Yes.

(Tr. at 14-15.)

{¶ 22} Thus, appellant knowingly, intelligently, and voluntarily entered a plea of guilty to the offense of inducing panic as a second-degree felony as stipulated. Furthermore, in the entry of guilty plea, appellant stated that "I understand that my guilty plea(s) to the crime(s) specified constitute(s) both an admission of guilt and a waiver of any and all constitutional, statutory, or factual defenses with respect to such crime(s) and this case."  (Entry of Guilty Plea at 1.)

{¶ 23}  Appellant's actions in knowingly, intelligently, and voluntarily entering a plea to inducing panic as a second-degree felony while represented by counsel constituted a waiver of his constitutional right to an indictment on that offense.  *State v. Bruce*, 10th Dist. No. 16AP-31, 2016-Ohio-7132  ("appellant's actions in knowingly, intelligently, and voluntarily entering a plea to two counts of unlawful sexual conduct with a minor while represented by counsel constituted a waiver of his constitutional right to an indictment on the offenses to which he pled").  *Id.* at ¶ 12.

{¶ 24}  For the reasons outlined above, we conclude that the trial court did not abuse its discretion in denying appellant's Crim.R. 32.1 motions to withdraw his guilty pleas. Accordingly, we overrule appellant's first, second, and third assignments of error, and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and BRUNNER, JJ., concur.

_____