[Cite as *State v. Taylor*, 2021-Ohio-285.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 20AP-376 |
| v. | : | (C.P.C. No. 18CR-3268) |
| Marcus L. Taylor, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 2, 2021

**On brief:** [*G. Gary Tyack*], Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

**On brief:** *Marcus L. Taylor*, pro se.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Marcus L. Taylor, appeals from the judgment of the Franklin County Court of Common Pleas denying his motion for revised entry. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On July 9, 2018, appellant was indicted by a Franklin County Grand Jury on charges of aggravated arson in violation of R.C. 2909.02, a felony of the first degree; aggravated arson in violation of R.C. 2909.02, a felony of the second degree; and burglary in violation of R.C. 2911.12, a felony of the third degree.

{¶ 3} On August 30, 2018, appellant entered a guilty plea to two stipulated lesser-included offenses of the aggravated arson charges, inducing panic in violation of R.C.

2917.31, a felony of the second degree, and arson in violation of R.C. 2909.03, a felony of the fourth degree. The remaining count of burglary was dismissed. The trial court imposed a seven-year term of incarceration and lifetime registration as an arson offender pursuant to R.C. 2909.14.

{¶ 4} Since the sentencing hearing, appellant has filed a myriad of post-sentence motions. On January 8, 2019, appellant filed a post-sentence motion to withdraw guilty plea arguing that his statements to investigators were involuntary and counsel was ineffective in his representation. The trial court denied appellant's motion on January 16, 2019. Appellant declined to appeal the decision.

{¶ 5} On April 8, 2019, appellant filed a motion for leave to file a delayed appeal pursuant to App.R. 5(A). We denied appellant's motion as he failed to provide a reasonable explanation for the failure to perfect a timely appeal. *State v. Taylor*, 10th Dist. No. 19AP-200 (Feb. 13, 2020) (memorandum decision). Appellant appealed the decision to the Supreme Court of Ohio, which declined review. *State v. Taylor*, 158 Ohio St.3d 1506, 2020-Ohio-2819.

{¶ 6} On April 29, 2019, appellant filed a second post-sentence motion to withdraw his guilty plea pursuant to Crim.R. 32.1 arguing there was no factual basis for his plea. On May 6, 2019, appellant filed a third post-sentence motion to withdraw guilty plea on the same grounds as the April 29, 2019 motion.

{¶ 7} On September 3, 2019, appellant filed a petition to vacate or set aside judgment of conviction or sentence, a motion for appointment of counsel, and a motion for expert assistance. On September 6, 2019, appellant filed a motion for preparation of transcript of proceedings. Appellant filed an amended petition for post-conviction relief on September 12, 2019. On January 23, 2020, the trial court denied appellant's petition and amended petition. Appellant declined to appeal the decision.

{¶ 8} On September 11, 2019, appellant filed a motion to amend the May 6, 2019 motion to withdraw guilty plea arguing that inducing panic was not a lesser-included offense of aggravated arson, and he was not advised of the elements of the offense. On October 31, 2019, the trial court denied appellant's motions from May 6 and September 11, 2019. Appellant appealed the decision, which we affirmed. *State v. Taylor*, 10th Dist. No.

19AP-795, 2020-Ohio-4581. On December 1, 2020, appellant filed a notice of appeal to the Supreme Court, which remains pending at this time.

{¶ 9} On June 4, 2020, appellant filed a motion for revised entry arguing the trial court failed to give notice of appellant's right to appeal at the sentencing hearing. Plaintiff-appellee, State of Ohio, filed a memorandum in opposition on June 10, 2020. A reply brief was filed on June 23, 2020. On July 7, 2020, the trial court denied appellant's motion finding that the argument was precluded under the doctrine of res judicata. The trial court also noted that even if the court could consider the argument, it would reject appellant's argument as the record and sentencing entry note that appellant acknowledged his appellate rights at the sentencing hearing.

{¶ 10} Appellant filed a timely appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 11} Appellant assigns the following as trial court error:

> [1.] The trial court abused its discretion in denying a revised entry to correct its own plain error.
>
> [2.] The trial court lacked jurisdiction to accept guilty plea to the crime of inducing panic.
>
> [3.] The trial court erred in its imposition of restitution.
>
> [4.] Trial counsel was ineffective for failing to advocate for a reduced registration period for Appellant's fourth-degree arson conviction.

## III. LEGAL ANALYSIS

### A. Appellant's First, Second, Third, and Fourth Assignments of Error

{¶ 12} For ease of discussion, we will address appellant's four assignments of error together. Appellant claims (1) the trial court abused its discretion in denying a revised entry, (2) the trial court lacked jurisdiction to accept a guilty plea to the crime of inducing panic, (3) the trial court erred in imposing restitution, and (4) trial counsel was ineffective for failing to advocate for a reduced registration period for appellant's arson conviction. We find appellant's arguments to be without merit.

{¶ 13} The doctrine of res judicata "bars a defendant from litigating claims in a proceeding subsequent to the direct appeal 'if he or she raised or could have raised the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment.' " (Emphasis omitted.) *State v. Davic*, 10th Dist. No. 18AP-569, 2019-Ohio-

1320, ¶ 9, quoting *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 92. The Supreme Court has recognized the public policy implications derived from finality of judgments. Res judicata " 'promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard.' " *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 37, quoting *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18.

{¶ 14} In his first assignment of error, appellant reasserts the same argument previously addressed in our February 13, 2020 memorandum decision. We concluded that the transcript of the proceeding and sentencing entry provided evidence that appellant was aware of his right to appeal. *State v. Taylor*, 10th Dist. No. 19AP-200 (Feb.13, 2020), ¶ 6 (memorandum decision). We also determined appellant informed the trial court that he had an opportunity to review the entry and have his questions answered by counsel prior to entering a guilty plea. *Id.* Because appellant's argument was previously raised and rejected by this court, we find appellant's first assignment of error barred under res judicata.

{¶ 15} Regarding appellant's second assignment of error, this court considered and rejected a similar argument in our recent decision reviewing the trial court's denial of appellant's motions to withdraw his guilty plea. *Taylor*, 2020-Ohio-4581, at ¶ 13.[1] We found appellant's argument that the trial court erred in accepting the guilty plea to the crime of inducing panic was precluded under res judicata as appellant could have raised this issue in a direct appeal from the judgment of conviction and sentence. *Id.* We also concluded that even if the argument had not been barred by res judicata, appellant had knowingly, intelligently, and voluntarily entered a guilty plea to the offense of inducing panic, a second-degree felony, as stipulated constituting a "waiver of his constitutional right

---

[1] Moreover, even if appellant's second, third, and fourth assignments of error were not precluded by res judicata, appellant failed to assert these arguments in his June 4, 2020 motion for revised entry. Generally, we will not review arguments for the first time that were not raised or addressed by the trial court. *State v. Myers*, 10th Dist. No. 19AP-178, 2019-Ohio-4592, ¶ 27, quoting *State v. Churchill*, 10th Dist. No. 16AP-763, 2017-Ohio-2875, ¶ 18. " '[J]ustice is far better served when it has the benefit of briefing, arguing, and lower court consideration before making a final determination.' " *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, ¶ 19, quoting *Sizemore v. Smith*, 6 Ohio St.3d 330, 333 (1983), fn. 2. As appellant failed to assert the trial court lacked jurisdiction to accept a guilty plea, the trial court erred in imposing restitution, or counsel was ineffective in its motion for revised entry, the above arguments are waived.

to an indictment on that offense." *Id.* at ¶ 23. As such, appellant's second assignment of error also fails under the doctrine of res judicata.

{¶ 16} In his third and fourth assignments of error, appellant argues the trial court erred in imposing restitution and that trial counsel was ineffective. Appellant's arguments originate from matters in the record and could have been raised on direct appeal. As appellant failed to assert these assignments of error in his direct appeal, res judicata precludes appellant from raising these arguments in a subsequent motion. *Davic* at ¶ 9.

{¶ 17} Based on the forgoing, we overrule appellant's first, second, third, and fourth assignments of error.

## IV. CONCLUSION

{¶ 18} Having overruled appellant's four assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and KLATT, JJ., concur.

_____