[Cite as *State v. Jones*, 2016-Ohio-5712.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104189**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEAN A. JONES

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-598870-A

**BEFORE:** Blackmon, J., Stewart, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** September 8, 2016

**ATTORNEY FOR APPELLANT**

Gregory Scott Robey
Robey & Robey
14402 Granger Road
Cleveland, Ohio 44137


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Jonathan M. McDonald
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1}   Dean A. Jones ("Jones") appeals his guilty plea and prison sentence in this attempted felonious assault case and assigns the following errors for our review:

I.   The trial court violated appellant's 6th Amendment right to counsel of his choice when it failed to inquire whether appellant consented to stand-in counsel.

II.   The trial court failed to strictly comply with Criminal Rule 11, when it failed to fully advise appellant of the waiver of his constitutional right of compulsory process and his constitutional right against self incrimination.

III.   The trial court erred by imposing a prison term instead of a community control sanction; and by imposing the maximum prison term that is not supported by the record.

IV.   Appellant was denied the effective assistance of counsel at the sentencing hearing, when counsel failed to object to the incomplete recitation of constitutional rights, and the improper characterizations of appellant by the trial court.

{¶2}   Having reviewed the record and pertinent law, we affirm. The apposite facts follow.

{¶3}   On September 28, 2015, Jones retained John B. Frendon as counsel and pled not guilty to a four-count indictment based on allegations of felonious assault.   On December 6, 2015, attorney Frendon filed a motion to withdraw as counsel, stating that Jones terminated attorney Frendon's services and hired attorney Joseph Patituce to take over the case.   On December 8, 2015, attorney Patituce filed a notice of appearance and substitution of counsel.   On December 9, 2015, attorney Catherine Meehan, who works with attorney Patituce at Patituce & Associates, L.L.C., filed a notice of appearance as co-counsel.   On December 10, 2015, the court denied attorney Frendon's motion to

withdraw; however, the same day, the court issued a journal entry stating that the court "decided to let attorney John Frendon withdraws [sic] as retained counsel."

{¶4} On January 6, 2016, Jones pled guilty to one count of attempted felonious assault in violation of R.C. 2923.02 and 2903.11(A)(1), which is a third-degree felony. On February 3, 2016, the court sentenced Jones to the maximum term of three years in prison. Attorney Meehan represented Jones at the plea and sentencing hearings. Jones now appeals his guilty plea and sentence.

### Right to Choice of Counsel

{¶5} Although a criminal defendant has a constitutional right to his choice of counsel, that right is not unqualified. *State v. Keenan*, 81 Ohio St.3d 133, 137, 689 N.E.2d 929 (1998). Instead, the "right to choose one's own counsel is circumscribed in several important respects." *Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). "A defendant does not have the right to be represented by (1) an attorney he cannot afford; (2) an attorney who is not willing to represent the defendant; (3) an attorney with a conflict of interest; or (4) an advocate (other than himself) who is not a member of the bar." *State v. Howard*, 5th Dist. Stark No. 2012CA00061, 2013-Ohio-2884, 39, citing *Wheat* at 159.

{¶6} Under this assigned error, Jones argues that he did not "consent" to the presence of "stand-in" counsel and that "stand-in" counsel failed to file a notice of appearance. Stand-in counsel refers to last minute or substitute counsel appointed by the court when a party's current counsel is unavailable for court proceedings. *See, e.g., In re J.S.*, 8th Dist. Cuyahoga No. 94410, 2010-Ohio-6162, ¶ 4. First, we note

that attorney Meehan was Jones's co-counsel of record, not his "stand-in" counsel, because she filed a notice of appearance on December 9, 2015. Second, Jones failed to object to attorney Meehan's representation at his plea hearing as well as his sentencing hearing. In short, Jones was not deprived of counsel of his choice. Accordingly, we find that Jones's argument is misplaced, and his first assigned error is overruled.

**Crim.R. 11 Guilty Plea**

{¶7} In determining whether the trial court has satisfied its duties under Crim.R. 11 in taking a plea, reviewing courts have distinguished constitutional and nonconstitutional rights. The trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. However, "a rote recitation of Crim.R. 11(C) is not required, and failure to use the exact language of the rule is not fatal to the plea. Rather, the focus, upon review, is whether the record shows that the trial court explained or referred to the right in a manner reasonably intelligent to that defendant." *State v. Ballard*, 66 Ohio St.2d 473, 480, 423 N.E.2d 115 (1981).

{¶8} Pursuant to Crim.R. 11(C)(2)(c), when accepting a guilty plea, the trial court must inform the defendant, and determine that the defendant understands, that he or she is "waiving the rights to * * * have compulsory process for obtaining witnesses in the defendant's favor, and to [have] a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶9} At the plea hearing, the court advised Jones as follows:

You have the following rights which you [will] be giving up by entering into this plea agreement. * * * You have the right to use this court's

subpoena power to subpoena into court your own witnesses and have them testify on your behalf. You do not have to take the [witness] stand to testify at the trial. If you choose not to testify, the state cannot use your silence against you.

{¶10} In the instant case, Jones argues that the court "failed to *fully* advise him of his constitutional right to compulsory process and his constitutional right against self incrimination." (Emphasis sic.) Specifically, Jones argues that the trial court failed to advise him of his "right to have the subpoena *enforced* should witnesses fail to appear * * *" and "the right that the State could not *comment* on his exercise of the right to silence [and the] right to have the *jury* advised that any failure to testify may not be used against him." (Emphasis sic.)

{¶11} In *State v. Wilson*, 8th Dist. Cuyahoga No. 82770, 2004-Ohio-499, ¶ 16, this court held that the "trial court must inform a defendant that it has the power to force, compel, subpoena, or otherwise cause a witness to appear and testify on the defendant's behalf." Furthermore, this court has held that "the use of the word 'subpoena' adequately informs the defendant of his right to compulsory process." *State v. Parks*, 8th Dist. Cuyahoga No. 86312, 2006-Ohio-1352, ¶ 17.

{¶12} Turning to Jones's privilege against self-incrimination, we find that the court properly advised him that he did not have to testify against himself. In *State v. Wangul*, 8th Dist. Cuyahoga No. 84698, 2005-Ohio-1175, ¶ 12, this court found "no authority requiring" a court to inform a defendant at a plea hearing that his failure to testify could be used against him. *See also State v. Eckles*, 173 Ohio App.3d 606, 2007-Ohio-6220, 897 N.E.2d 829, ¶ 39 (7th Dist.) (Crim.R. 11 "contains no requirement

that one must be advised that the decision not to testify cannot be used against him or commented on").

{¶13} Accordingly, we find that the court properly complied with Crim.R. 11, and Jones's second assigned error is overruled.

## Felony Sentencing

{¶14} R.C. 2953.08(G)(2) provides, in part, that when reviewing felony sentences, the appellate court's standard of review is not whether the sentencing court abused its discretion; rather, if this court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under" R.C. Chapter 2929 or that (2) "the sentence is otherwise contrary to law," then we may conclude that the court erred in sentencing. *See also State v. Marcum*, Slip Opinion No. 2016-Ohio-1002.

{¶15} A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control, and sentences a defendant within the permissible statutory range." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10.

{¶16} Pursuant to R.C. 2929.11(A), the two overriding purposes of felony sentencing are "to protect the public from future crime by the offender and others," and "to punish the offender using the minimum sanctions that the court determines accomplish those purposes * * *."  Additionally, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and

its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶17} Furthermore, in imposing a felony sentence, "the court shall consider the factors set forth in [R.C. 2929.12(B) and (C)] relating to the seriousness of the conduct [and] the factors provided in [R.C. 2929.12(D) and (E)] relating to the likelihood of the offender's recidivism * * *." R.C. 2929.12. However, this court has held that "[a]lthough the trial court must consider the principles and purposes of sentencing as well as the mitigating factors, the court is not required to use particular language or make specific findings on the record regarding its consideration of those factors." *State v. Carter*, 8th Dist. Cuyahoga No. 103279, 2016-Ohio-2725, ¶ 15.

{¶18} In the case at hand, Jones argues that the court erred by imposing the maximum sentence of three years in prison, rather than imposing community control sanctions. First, we note that Jones's sentence is within the statutory range for a third-degree felony, and Jones does not argue that his sentence is otherwise "contrary to law." Rather, Jones argues that the record does not support the court's findings.

{¶19} In imposing this sentence, the court noted that the incident underlying this case was captured on a cell phone video, which memorialized the following: Jones brought a pole to his drug dealer's ("the victim") house and said, "You ready to die tonight?" An altercation occurred, but the victim disarmed Jones and "struck [Jones] numerous times in the head and upper body." Jones got in his car and drove into the victim's parked car, then drove off "narrowly missing" the victim, who jumped into the bushes and was not injured.

**{¶20}** The court stated on the record that it "considered the seriousness and recidivism factors" and noted that Jones "tested positive while on Court Supervised Release. When you did show up to report, you tested positive for marijuana and cocaine." The court stated that Jones failed to report "[o]n a couple of occasions." The court found "a pattern here that's disturbing. Your behavior is escalating." The court found that although this was Jones's first felony conviction, "you're no stranger to the criminal justice system * * *. You bother other people and you hurt other people * * *. In the interest of keeping the community safe, I'm going to impose a 36 month sentence * * *."

**{¶21}** On appeal, Jones argues that "none of the 'more serious' factors under R.C. 2929.12(B) apply" to his offense, and "several, if not all, of the 'less serious' factors under" R.C. 2929.12(B) apply. However, R.C. 2929.12(B)(6) states that it is a "more serious" offense if "[t]he offender's relationship with the victim facilitated the offense." At the sentencing hearing, the court stated to Jones that "you decided you were going to bring a pipe and assault your drug dealer. Now it's clear why the police weren't involved initially."

**{¶22}** As to the "less serious" factors, R.C. 2929.12(C)(1) and (2) state that the "victim induced or facilitated the offense" and in "committing the offense, the offender acted under strong provocation." Evidence in the record shows that Jones and the victim were involved in an altercation immediately prior to Jones "narrowly missing" hitting the victim with his car.

{¶23} As to the recidivism factors found in R.C. 2929.12(D) and (E), the court noted from Jones's presentence investigation report that Jones had a history of misdemeanor convictions. "Criminal wrongdoing, even without convictions, is part of an accused's social history and thus properly included in a presentence investigation report." *State v. Richey*, 64 Ohio St.3d 353, 358, 595 N.E.2d 915 (1992). Additionally, there is evidence in the record that Jones suffers from post traumatic stress disorder and regularly sees a counselor.

{¶24} Upon review, we cannot say that the record does not clearly and convincingly support the trial court's findings. The court considered the purposes and principles of felony sentencing and the seriousness and recidivism factors. Accordingly, Jones's third assigned error is overruled.

## **Ineffective Assistance of Counsel**

{¶25} To succeed on a claim of ineffective assistance of counsel, a defendant must establish that his or her attorney's performance was deficient and that the defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance." *Id.* at 697. *See also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 3743 (1989).

{¶26} In the case at hand, Jones argues that he was denied effective assistance of counsel when his attorney "failed to object to the incomplete recitation of constitutional rights, and improper characterizations of Appellant, by the trial court." We determined that the trial court complied with Crim.R. 11 at Jones's plea hearing; therefore, his first argument under this assigned error is without merit.

{¶27} As to the alleged "improper characterizations," the court stated the following at Jones's sentencing hearing:

> That video doesn't show the pole being swung. That video doesn't show the alleged victim retreating or instructing the person with the phone to put the phone camera down and actually use it as a phone to call the police. These people are animals. Behaving like base humans. It's disgusting what I just saw. Thank you. Okay. Ms. Meehan, what would you like me to know about your frontal lobe deficient client?

{¶28} Specifically, Jones argues that his counsel was inefficient for failing to object to the court's calling him an "animal," a "base human," and a "frontal lobe deficient client." Jones further argues that had his counsel objected to the court's use of these terms, "it is highly likely that [he] would not have received the maximum possible prison term." Jones does not cite any legal authority to support his argument.

{¶29} In *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed. 474 (1994), the United States Supreme Court held the following:

> opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings * * * do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or

disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

{¶30} Upon review, the trial judge's remarks were based on viewing the video of the altercation between Jones and the victim, and Jones's reaction to the incident. There is no evidence that these remarks were the result of extrajudicial animosity. Jones failed to show that his counsel's performance was deficient or that he was prejudiced by the failure to object. Accordingly, Jones's fourth and final assigned error is overruled.

{¶31} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON,   JUDGE

MELODY J. STEWART, P.J., and
MARY J. BOYLE, J., CONCUR