[Cite as *State v. Phillips*, 2020-Ohio-800.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 108423 |
| v. | : | |
| DIONTE PHILLIPS, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 5, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-632326-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Janna R. Steinruck, Assistant Prosecuting Attorney, *for appellee.*

Buckeye Law Office, and P. Andrew Baker, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Appellant, Dionte Phillips, appeals his convictions following a guilty plea. For the reasons that follow, we affirm.

{¶ 2} In 2018, Phillips was named in a three-count indictment charging him with one count each of aggravated robbery, felonious assault, and abduction.

In March 2019, he pleaded guilty to felonious assault; all other counts were dismissed. The trial court imposed an eight-year sentence.

{¶ 3} Phillips now appeals, contending in his sole assignment of error that he did not enter a knowing, intelligent, and voluntary plea because the trial court failed to comply with Crim.R. 11 by inadequately advising him that by pleading guilty he was waiving his right against self-incrimination.

{¶ 4} Under Crim.R. 11(C)(2), before accepting a guilty plea in a felony matter, a trial court must personally address the defendant and (1) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty; (2) inform the defendant of and determine that the defendant understands the effect of the plea, and that the court may proceed with judgment after accepting the plea; and (3) inform the defendant and determine that the defendant understands that he is waiving his constitutional rights to a jury trial, to confront the witnesses against him, to call witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial where the defendant cannot be forced to testify against himself.

{¶ 5} A trial court must strictly comply with the mandates of Crim.R. 11(C)(2) regarding the waiver of constitutional rights, meaning the court must actually inform the defendant of the constitutional rights he is waiving and make sure the defendant understands them. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 27. Failure to fully advise a defendant of his Crim.R. 11(C)(2) rights renders a plea invalid. *Id.* at ¶ 29.

{¶ 6} In this case, the trial court made the following advisement to Phillips regarding his right not to testify:

> [Y]ou waive the right not to be compelled to be a witness against yourself, and that's also called your Fifth Amendment right to remain silent and not testify at trial. Do you understand that right?

(Tr. 27-28.) Phillips responded that he understood.

{¶ 7} Despite this advisement, Phillips contends on appeal that the advisement was inadequate because the trial court did not advise him that the state would not be permitted to comment on his silence if he chose not to testify.

{¶ 8} Phillips acknowledges that this court considered and rejected this argument recently in *State v. McElroy*, 8th Dist. Cuyahoga No. 104639, 2017-Ohio-1049, but urges this court to reconsider its decision. In *McElroy*, this court held that "when a defendant is instructed that he has the right to not testify at trial, it follows that he has a right to remain silent at trial and cannot be compelled to testify against himself." *Id* at ¶ 27-28. *McElroy* is a reaffirmance of this court's prior decision holding the same. *See State v. Jones*, 8th Dist. Cuyahoga No. 104189, 2016-Ohio-5712, ¶ 10-12 (concluding that the trial court properly advised the defendant that he did not have to testify against himself and rejecting the argument that his plea should be vacated because the trial court failed to advise him that the state could not comment on his right to remain silent and that the jury would be advised that any failure to testify may not be used against him); *State v. Wangul*, 8th Dist. Cuyahoga No. 84698, 2005-Ohio-1175, ¶ 12 (finding no authority requiring a court to inform a defendant at a plea hearing that his failure to testify could not be used against him);

*see also State v. Eckles*, 173 Ohio App.3d 606, 2007-Ohio-6220, 879 N.E.2d 829, ¶ 39 (7th Dist.) (Crim.R. 11 "contains no requirement that one must be advised that the decision not to testify cannot be used against him or commented on"). Based on the foregoing, we find no reason to reconsider *McElroy* because it is consistent with this court's prior decisions and decisions from other districts.

{¶ 9} Although the trial court did not use the exact language set forth in Crim.R. 11(C), the Ohio Supreme Court, as well as this court, has held that strict compliance does not require the court to use the exact language of Crim.R. 11(C)(2)(c), and the court's failure to do so is not fatal to a defendant knowingly and voluntarily entering a plea of guilty. *Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at ¶ 28-29; *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), paragraph two of the syllabus; *State v. Burston*, 8th Dist. Cuyahoga No. 93645, 2010-Ohio-5120, ¶ 6. The proper inquiry is "whether the record shows that the trial court explained or referred to the right in a manner reasonably intelligible to that defendant." *Ballard* at 480.

{¶ 10} In this case, the record demonstrates that the court explained the right not to testify in a manner reasonably intelligible to Phillips. He affirmatively stated he understood the right he was waiving, and there was no demonstration of confusion during the Crim.R. 11 colloquy. Phillips's assignment of error is overruled.

{¶ 11} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

EILEEN T. GALLAGHER, A.J., and
LARRY A. JONES, SR., J., CONCUR