[Cite as *State v. Butler*, 2022-Ohio-1500.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                                :

    Plaintiff-Appellee,                    :

                                   No. 110846

    v.                                              :

MICHAEL BUTLER, II,                      :

    Defendant-Appellant.              :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:**  May 5, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-20-651087-A and CR-20-652866-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney,
and Christine M. Vacha, Assistant Prosecuting Attorney, *for
appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and John T.
Martin, Assistant Public Defender, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant, Michael Butler, II, appeals his convictions after

he entered guilty pleas to attempted sexual battery, disrupting public services, theft,

and carrying a concealed weapon in his criminal cases. Because the trial court

strictly complied with Crim.R. 11(C) when informing Butler of the constitutional rights he would waive by entering pleas of guilt, we affirm the judgment of the trial court.

## I. STATEMENT OF THE CASE AND FACTS

{¶ 2} On October 5, 2020, Butler was indicted in Cuyahoga C.P. No. CR-20-652866-A for two counts of drug trafficking, three counts of drug possession, one count of carrying a concealed weapon, one count of improperly handling a firearm in a motor vehicle, and one count of possession of criminal tools. On October 20, 2020, Butler was indicted in Cuyahoga C.P. No. CR-20-651087-A for one count each of the crimes of rape, aggravated burglary, burglary, aggravated robbery, disrupting public services, and theft.

{¶ 3} On July 29, 2021, Butler entered into a plea agreement with the state. In Cuyahoga C.P. No. 651087, Butler entered guilty pleas to attempted sexual battery, disrupting public services, and theft. In Cuyahoga C.P. No. 652866, he entered a guilty plea to the crime of carrying a concealed weapon and agreed to forfeit a handgun, two phones, a digital scale, and ammunition.

{¶ 4} Before accepting the guilty pleas from Butler, the trial court engaged in a colloquy with him. The trial court advised him he would be waiving his rights as follows:

1) "[T]o a jury trial,"

2) "[T]o make the prosecutor prove these charges beyond a reasonable doubt by presenting evidence in open court,"

3) "[T]o confront and cross-examine witnesses that the prosecutor must bring against you at a trial in both cases,"

4) "[T]o compulsory process. That means your ability to subpoena witnesses who have information that might help your defense, to require those witnesses to appear in court and testify even if they don't want to be here," and

5) "[I]f you plead guilty in each case you give up your right not to be compelled to be a witness against yourself. This is your Fifth Amendment right to remain silent. At a trial, what that means is, it is your decision whether to testify. If you choose to testify, of course you may. If you choose not to testify, you cannot be forced to testify by either the prosecutor, or for that matter, the Court."

{¶ 5} Butler indicated that he affirmatively understood he would waive each of these rights by entering his guilty pleas. Although having been invited to do so, Butler had no questions of the court concerning these rights or otherwise indicated he did not understand them.

{¶ 6} On August 26, 2021, the trial court held a sentencing hearing. In Case No. 651087, the trial court imposed a prison sentence of 9 months for the attempted sexual battery count, a prison sentence of 9 months for the disrupting public service count, and 33 days of jail for the theft count. The trial court further determined that Butler would be classified as a Tier III sex offender and notified him of his registration duties. In Case No. 652866, the trial court imposed a sentence of 6 months in prison. The trial court ordered all prison terms to be served concurrently for an aggregate prison sentence of 9 months.

## II. LAW AND ARGUMENT

{¶ 7} Appellant assigned one error in this appeal, which reads:

The trial court's failure to advise the defendant that his silence at trial could not be used against him violated the Fifth amendment and causes his pleas of guilty to be infirm.

{¶ 8} In challenging the plea, Butler argues that Crim.R. 11(C)(2)(c) requires a trial court to inform defendants that if they exercise their right to remain silent, their silence cannot be used against them at trial. The state argues that the trial court strictly complied with Crim.R. 11 by informing Butler of his right to remain silent and that the trial court was not required to advise Butler that his silence could not be used against him at trial.

{¶ 9} Where a defendant challenges the validity of a criminal plea, we review the totality of the proceedings de novo. *State v. Lewis*, 8th Dist. Cuyahoga No. 107552, 2019-Ohio-1994, ¶ 6. Before accepting a plea in a felony case, in accordance with Crim.R. 11(C), the trial court is required to ascertain that a defendant is knowingly, voluntarily, and intelligently entering a plea and is aware of certain rights that are being waived. Crim.R. 11(C) provides in relevant part:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

* * *

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to

require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 10} A trial court must strictly comply with Crim.R. 11(C) when notifying a defendant of the constitutional rights being waived by entering a guilty plea. *State v. Miller*, 159 Ohio St.3d 447, 2020-Ohio-1420, 151 N.E.3d 617, ¶15. And in so doing, it is necessary for the trial court to communicate to the defendant the essence of the various constitutional rights "in a manner reasonably intelligible to the defendant that the plea waives the rights enumerated in the rule." *Id.* at ¶ 19.

{¶ 11} Butler agrees that the trial court informed him of the rights enumerated in Crim.R. 11(C)(2), but asks that we find the trial court was also required to inform him that the state would not be able to use his silence against him at trial. This court has previously been confronted with this argument and rejected it. *State v. Phillips*, 8th Dist. Cuyahoga No. 108423, 2020-Ohio-800, ¶ 8; *State v. McElroy*, 8th Dist. Cuyahoga No. 104639, 2017-Ohio-1049, ¶ 27-28; *State v. Jones*, 8th Dist. Cuyahoga No. 104189, 2016-Ohio-5712, ¶ 10-12; *State v. Wangul*, 8th Dist. Cuyahoga No. 84698, 2005-Ohio-1175, ¶ 12. We acknowledge that while Crim.R. 11(C) does not specifically require a trial court to inform a defendant of the effect of his decision to remain silent at trial, such advisement could possibly assist the trial court in determining that a criminal defendant knowingly, voluntarily, and intelligently enters a guilty plea.

{¶ 12} Butler asks us to deviate from precedent and find that the trial court was required to expand the list of rights enumerated in Crim.R. 11(C) in light of the Ohio Supreme Court's statements in *Miller* regarding the duty of the trial court during a plea colloquy, which reads:

> Thus, the goal of Crim.R. 11(C)(2)(c) is to make sure that a defendant understands that after entering into a plea, certain rights cannot be exercised. If this court were to require verbatim or nearly verbatim plea colloquies, as argued for by Miller, that requirement would in some cases undermine the goal of having the defendant actually understand the ramifications of the plea. We accordingly hold that a trial court strictly complies with Crim.R. 11(C)(2)(c) when in its plea colloquy with the defendant, it advises the defendant in a manner reasonably intelligible to the defendant that the plea waives the rights enumerated in the rule.

*Miller* at ¶ 19.

{¶ 13} We do not read this pronouncement as requiring an expansion of the constitutional rights a trial court must inform a defendant of beyond those required by Crim.R. 11(C). Rather, we read the passage to reinforce the requirement that a trial court must effectively communicate the rights enumerated in Crim.R. 11(C) in order to ascertain that a defendant is knowingly, intelligently, and voluntarily entering a guilty plea.

{¶ 14} As Butler complains of no other error in his plea or sentence, his sole assignment of error is overruled.

### III. CONCLUSION

{¶ 15} The trial court strictly complied with the requirements of Crim.R. 11(C) by informing Butler of the constitutional rights he would be waiving

by entering guilty pleas.   After advising Butler that he would be waiving his right to remain silent, the trial court was not required to further explain the effect of the waiver of that right or that the state would not be able to use his decision not to testify against him at trial.

{¶ 16} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

EILEEN A. GALLAGHER, P.J., and
JAMES A. BROGAN, J.,* CONCUR

(*Sitting by assignment: James A. Brogan, J., retired, of the Second District Court of Appeals.)