[Cite as *State v. Weaver*, 2024-Ohio-4872.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ROBERT LEE WEAVER, III,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case Nos. 24 MA 0029, 24 MA 0036**

---

Criminal Appeals from the
Court of Common Pleas of Mahoning County, Ohio
Case Nos. 2021 CR 00215, 2022 CR 00364

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor*,* and *Atty. Edward A. Czopur*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Martin E. Yavorcik*, for Defendant-Appellant.

Dated:  October 3, 2024

**DICKEY, J.**

{¶1}   Appellant, Robert Lee Weaver, III, appeals his convictions for one count of vehicular assault in violation of R.C. 2903.08(A)(2)(b), (C)(2), a felony of the third degree (Case No. 21 CR 215), and one count of involuntary manslaughter, a violation of R.C. 2903.04(A), (C), a felony of the first degree (Case No. 22 CR 364), following his entry of pleas of guilt in the Mahoning County Court of Common Pleas.  In his sole assignment of error in these consolidated, delayed appeals, Appellant contends his pleas were not knowing, intelligent, and voluntary because he was not properly informed of his constitutional right against self-incrimination.  For the following reasons, Appellant's convictions are affirmed.

## FACTS AND PROCEDURAL HISTORY

{¶2}   In Case No. 2021 CR 215, Appellant was charged with a single count of vehicular assault.  In Case No. 2022 CR 364, which was unrelated to Case No. 2021 CR 215, Appellant was originally charged with murder in violation of R.C. 2903.02(A), (D), an unclassified felony, with a three-year firearm specification pursuant to R.C. 2941.145(A); and having a weapon under disability in violation of R.C. 2923.13(A)(2), a felony of the third degree.

{¶3}   At a plea and sentencing hearing conducted on March 29, 2023, Appellant entered a guilty plea to the original vehicular assault charge in 2021 CR 251. He also entered a guilty plea to the amended charge of involuntary manslaughter and the original three-year firearm specification in 2022 CR 364. The weapon under disability charge was dismissed as a part of the plea deal.  The parties jointly recommended a sentence of eighteen months for the vehicular homicide conviction, and eleven to sixteen-and-one-half years for the involuntary manslaughter charge, plus three years on the firearms specification, all to be served consecutively, for an aggregate minimum sentence of fifteen-and-one-half years, and a maximum sentence of twenty-one years.

{¶4}   At the plea hearing, the trial court provided the following notice regarding Appellant's waiver of his constitutional rights:

[D]o you understand by entering into these plea agreements, you're giving up certain substantial statutory and constitutional rights, such as your right to trial by jury, your right to have the state prove beyond a reasonable doubt each element of the offense, your right to confront any witness that would testify against you, your right to compel witnesses to testify on your own behalf, *and your right not to testify at trial or any other proceeding if you so desire*?

(Emphasis added) (3/29/2023 Hrg., p. 4-5.)

**{¶5}** The facts underlying Appellant's convictions are not in the record. However, the involuntary manslaughter victim's mother and sister offered victim impact statements during the sentencing hearing. In his allocution, Appellant apologized for his actions, and stated he "[knew] their pain," as he had lost younger brothers. (*Id.* at p. 17.) The trial court imposed the agreed sentence. This consolidated, delayed appeal followed.

<u>**ASSIGNMENT OF ERROR**</u>

**THE TRIAL COURT FAILED TO STRICTLY COMPLY WITH THE EXPLANATION OF APPELLANT'S CONSTITUTIONAL RIGHTS AS OUTLINED WITHIN CRIM.R. 11(C)(2)(c) RESULTING IN APPELLANT NOT ENTERING A KNOWING, INTELLIGENT, AND VOLUNTARY GUILTY PLEA.**

**{¶6}** In a criminal case, a plea must be entered "knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). Failure to enter a knowing, intelligent, and voluntary plea "renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *Id.*

**{¶7}** To ensure that a Crim.R. 11 plea is properly entered, the trial judge must engage in a colloquy with the defendant before accepting the plea. *State v. Ballard*, 66 Ohio St.2d 473, (1981), paragraph one of the syllabus. The colloquy must include an explanation of both the constitutional and nonconstitutional rights the defendant is waiving in exchange for his plea. *State v. Veney*, 2008-Ohio-5200, syllabus.

**{¶8}** Crim.R. 11(C) reads relevant in part:

(2) In felony cases[,] the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

. . .

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(c).

**{¶9}** Failure to strictly comply with Crim.R. 11(C)(2)(c) renders a plea invalid. *State v. Hill*, 2019-Ohio-4079, ¶ 9 (7th Dist.). However, when there is simply ambiguity at the change of plea hearing regarding the explanation of a constitutional right or its waiver, rather than a complete omission, reviewing courts are permitted to look at the entirety of the record to reconcile the ambiguity. "[A]n alleged ambiguity during a Crim.R. 11 oral plea colloquy may be clarified by reference to other portions of the record, including the written plea, in determining whether the defendant was fully informed of the right in question." *State v. Barker*, 2011-Ohio-4130, ¶ 25.

**{¶10}** As to his right not to testify, Appellant argues, "the [trial] court stated to Appellant he was waiving the 'right not to testify at trial or any other proceeding if [he] so desire[d]' as opposed to explaining he could not be compelled to testify against himself and if he chose not to testify nobody could comment on his silence." (Appellant's Brf., p 5.) Appellant contends the trial court failed to strictly comply with Crim.R. 11(C)(2)(c).

**{¶11}** In *State v. Eckles*, 2007-Ohio-6220 (7th Dist.), we held that Crim.R. 11

"contains no requirement that one must be advised that the decision not to testify cannot be used against him or commented on." *Id.* at ¶ 39. During the plea colloquy, the trial court asked Eckles, "[y]ou understand you give up the right not to be compelled to testify against yourself[?]" Eckles responded, "[y]es, Your Honor." *Id.* at ¶ 30-31.

**{¶12}** In *State v. Hayes*, 2016-Ohio-2794 (11th Dist.), the trial court asked Hayes if he understood he was not required to testify against himself. *Id.* at ¶ 9. The Eleventh District concluded the trial court strictly complied with Crim.R. 11(C)(2)(c) because the trial court's advisement clearly imported that he had the absolute right to remain silent. *Id.* at ¶ 19. Further, Hayes did not indicate he did not understand the right he was waiving and affirmatively waived it. *Id.* at ¶ 12, 16.

**{¶13}** Likewise in *State v. Phillips*, 2020-Ohio-800 (8th Dist.), the Eighth District rejected Phillips' contention that the trial court's advisement was inadequate because it did not advise him the state would not be permitted to comment on his silence if he chose not to testify. *Id.* at ¶ 7. The Eighth District reviewed its past holdings, noting " 'when a defendant is instructed that he has the right not to testify at trial, it follows that he has a right to remain silent at trial and cannot be compelled to testify against himself.' " *Id.* at ¶ 8, quoting *State v. McElroy*, 2017-Ohio-1049, ¶ 27-28 (8th Dist.). *See also State v. Jones*, 2016-Ohio-5712, ¶ 10-12 (8th Dist.).

**{¶14}** Finally, even assuming we find the trial court's notice regarding Appellant's right against self-incrimination at the hearing was ambiguous, the signed plea agreements plainly read:

> AND TO REQUIRE THE STATE TO PROVE ME GUILTY OF EACH AND EVERY ELEMENT OF THE OFFENSE(S) AND/OR SPECIFICATION(S) FOR WHICH I AM CHARGED BEYOND A REASONABLE DOUBT AT TRIAL AT WHICH I CANNOT BE COMPELLED TO BE A WITNESS AGAINST MYSELF. FURTHER, SHOULD I DECIDE NOT TO TESTIFY, I UNDERSTAND THAT NO ONE CAN COMMENT ON MY FAILURE TO TESTIFY.

(3/29/23 Plea Agreements, p. 4 (Case No. 21 CR 215) and 5 (Case No. 22 CR 364).)

**{¶15}** At the hearing, the following exchange occurred:

THE COURT:      Mr. Weaver, I have before me two documents both entitled plea of guilty. Did you go over them with your attorneys?

APPELLANT:      Yes, ma'am.

(3/29/2023 Hrg., p. 3.) Further, trial counsel warranted that "[they had] explained to Appellant his constitutional and statutory trial rights." (*Id.*)

**{¶16}** In summary, Ohio appellate courts have concluded a description of Appellant's right against self-incrimination that imparts his right to remain silent constitutes strict compliance with Crim.R. 32. Further, even assuming the trial court's notice was constitutionally infirm, the plea agreements each clearly state Appellant's right not to be compelled to testify or to have his silence used against him. Accordingly, we find Appellant's sole assignment of error is meritless and Appellant's convictions are affirmed.

Waite, J., concurs.

Robb, P.J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgments of the Court of Common Pleas of Mahoning County, Ohio, are affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**